In Utica Mutual Ins. Co. v. Tuscaloosa Motor Co., Inc.,295 Ala. 309, 329 So.2d 82 (1976), I concurred in the following statement:
 "If, in the future, the Commissioner of Insurance, because of limitations of manpower and time, is not able to cause filed forms of policies of insurance to be scrutinized under the standards set out in § 322 and in particular § 322 (5) this court may be compelled to declare the public policy of this State per the views expressed by Justices Jones and Shores in their dissent in this case." (Emphasis added.)
I continue to be of the opinion expressed therein, but I cannot agree with the majority opinion that Utica should be overruled. The product allegedly causing the injury complained of was "designed, manufactured, marketed and distributed by Wixom on June 19, 1974," which was before the date of this Court's decision in Utica. In other words, the insurance policy sued upon was issued before the date of this Court's decision. In fact, the policy was cancelled sometime in October, 1974. Having concurred in the statement in Utica that a similar policy provision was unambiguous, I cannot now say that it is ambiguous. Consequently, I must respectfully dissent, but I will again state that if the policy had been written afterUtica, and after the Commissioner of Insurance had had an opportunity to act, then a different result could, and should be reached.
TORBERT, C.J., concurs.